FARMERS' LOAN & TRUST CO. v. NORTHERN PAC. R. CO. et al.

(Circuit Courts, E. D. Wisconsin, W. D. Wisconsin, N. D. Illinois, S. D. New
York, D. Minnesota, D. North Dakota, D. Montana, D. Idaho,
D. Washington, D. Oregon. January 26, 1896.)

RAILROAD RECEIVERS — ANCILLARY APPOINTMENT — COURT OF PRIMARY JURIS-
DICTION—COMITY.

A creditors' bill, by the Farmers' Loan & Trust Company and other
creditors, was filed against the Northern Pacific Railroad Company in
the circuit court of the United States for the Eastern district of Wiscon-
sin. The bill alleged that the railroad company had property in that dis-
trict, and at the time it was operating the Wisconsin Central Lines
within that district, which lines were subject to the Northern Pacific
mortgages. That court appointed receivers, as prayed by said bill, and
the appointment was consented to by the railroad company. Imme-
diately afterwards similar bills were filed in other United States circuit
courts in which the Northern Pacific Railroad Company had property.
All these other courts, under the rule of comity, appointed the same re-
ceivers, as ancillary to the appointment in the Eastern district of Wis-
consin. After the receivers had operated the Northern Pacific road, in-
cluding leased lines in Wisconsin, about a month, the lease was canceled
by the lessor, for nonpayment of rent, and the leased lines turned back
to the Wisconsin Central Company. Shortly afterwards the Farmers'
Loan & Trust Company filed in the same court a bill to foreclose mort-
gages on the Northern Pacific Railroad, and this suit was consolidated
with the first suit, and the same receivers appointed. Like foreclosure
suits were brought in each of the other circuit courts, on ancillary bills
of foreclosure, and the same receivers appointed in each court. The
administration of the property continued for about two years under the
circuit court for the Eastern district of Wisconsin, and with the consent
of all parties to the suit. The jurisdiction of that court had never been
objected to or challenged in that court. In August, 1895, the railroad
company filed an affidavit in the ancillary suit pending in the circuit
court for the district of Washington, and asked to have the order appoint-
ing receivers made in that court vacated. The ground alleged was that
the railroad company had no railroad or property situated in the Eastern
district of Wisconsin, and it was therefore claimed that the latter court
had no jurisdiction, and other courts were not bound, under the rule of
comity, to recognize its primacy and administer the estate as ancillary
courts. It was held, after argument, in the circuit court for the district
of Washington, that the said circuit court for the Eastern district of
Wisconsin had no jurisdiction, and the court in Washington was bound
to administer that part of the property lying within its territory in an
independent manner. The circuit court for Washington therefore ap-
pointed its own receiver, and removed the receivers theretofore acting.
Similar orders were made in the United States circuit courts for Oregon,
Idaho, and Montana, each of these courts appointing its own independ-
ent receivers. Held,—overruling Farmers' Loan & Trust Co. v. Northern
Pac. R. Co. (Cir. Ct. Wash.) 69 Fed. 871,—that the circuit court for the
Eastern district of Wisconsin should be regarded as the court of pri-
mary jurisdiction, and that the proceedings in all other courts should
be ancillary in character, and in aid of the proceedings in the court of
primary administration.

This action being pending in the following circuit courts of the
United States, to wit, for the Eastern district of Wisconsin, the West-
ern district of Wisconsin, the Northern district of Illinois, the South-
ern district of New York, the district of Minnesota, the district of
North Dakota, the district of Montana, the district of Idaho, the dis-

trict of Washington, and the district of Oregon, to foreclose certain mortgages on property of the Northern Pacific Railroad Company, in each of which districts the company had property, the following petition was filed in each of said courts, viz.:

To the Honorable, the Judges of said Court: The joint petition of the Farmers' Loan & Trust Company and the Northern Pacific Railroad Company respectfully shows:

(1) The Northern Pacific Railroad Company is a corporation duly organized and existing under the act of congress approved July 2, 1864, to which reference is hereby made, and which defendant, pursuant to due authority in that behalf, on August 15, 1893, had constructed, and did then own and operate, a line of railroad from Ashland, Wisconsin, to Portland, Oregon, and Tacoma, Washington, more than 2,000 miles in length, with branches in the states of Minnesota, North Dakota, Montana, Idaho, Washington, and Oregon, aggregating, also, more than 2,000 miles in length. The land grant of said company, of which it yet holds about 38,400,000 acres, is situated in the states last above named. On April 1, 1890, said Northern Pacific Railroad Company leased the lines of railroad of the Wisconsin Central Railroad Company and the Wisconsin Central Company, hereinafter called the "Wisconsin Lines," extending from a point of connection with its lines at St. Paul and Ashland to Milwaukee and Chicago, and on August 15, 1893, operated said lines under said lease.

(2) On August 15, 1893, the Northern Pacific Railroad was insolvent, and P. B. Winston and others filed a creditors' bill against the said company in the circuit court of the United States for the Eastern district of Wisconsin; and thereupon Henry C. Payne, Thomas F. Oakes, and Henry C. Rouse were appointed receivers of all of the property of the said company by that court, and immediately thereafter the same persons were likewise appointed such receivers in the various judicial districts through which the railroad extends, and in which it had property, and in the following order in point of time, to wit: On the 15th day of August, 1893, and after the court for the Eastern district of Wisconsin had made such appointment as aforesaid, in the circuit courts for the Southern district of New York and for the districts of Minnesota and North Dakota; on the 17th day of August, 1893, in the circuit courts for the districts of Montana, Oregon, Western Wisconsin, and Washington; on the 18th day of August, 1893, in the circuit court for the district of Idaho; and on the 24th day of August, 1893, in the circuit court for the Western district of Michigan.

(3) The bill filed in the Eastern district of Wisconsin averred, inter alia, "that part of the Northern Pacific Railroad is located in the district embraced within the jurisdiction of this court"; and the bills filed in all other districts averred, inter alia, "that part of the Northern Pacific Railroad is located within the Eastern district of Wisconsin." Said bills also averred the fact that Messrs. Oakes, Rouse, and Payne had been appointed receivers of the Northern Pacific Railroad Company by the circuit court of the United States for the Eastern district of Wisconsin. Upon the filing of said bills in the said several districts, respectively, the United States circuit courts thereof appointed said Oakes, Rouse, and Payne receivers of all the property of the Northern Pacific Railroad Company, by orders exactly similar to the order made by the circuit court of the United States for the Eastern district of Wisconsin; and each and all of said orders were, in form, original orders, and each contained direction to the said Oakes, Rouse, and Payne, receivers thereby appointed, to report and account to the court making the same, and each was made on consent of defendant railroad company.

(4) Thereafter, and upon September 26, 1893, after due proceedings had, the circuit court of the United States for the Eastern district of Wisconsin ordered the said receivers to surrender to the companies owning the same the Wisconsin Lines above mentioned, and the same were, at midnight of that day, in fact so surrendered; the court, by its order, reserving authority over the same as in said order expressed, reference to which is hereby made.

(5) On October 18, 1893, the Farmers' Loan & Trust Company, the trustee named in mortgages made to it by the said Northern Pacific Railroad

Company, to wit, the general second mortgage, dated November 20, 1883, the general third mortgage, dated December 1, 1887, and the consolidated mortgage, dated December 2, 1889, filed in the circuit court of the United States for the Eastern district of Wisconsin a bill to foreclose those mortgages, and thereupon said circuit court for the Eastern district of Wisconsin, by its order, extended the appointment of said receivers to the said foreclosure suit, and consolidated the said suit with the cause then pending under the creditors' bill filed August 15, 1893, as aforesaid.

(6) Like foreclosure bills, containing the same allegations, were forthwith filed in the United States circuit courts for the following named districts, and on the following dates, respectively, each court appointing the same receivers, namely: On the 25th day of October, 1893, in the United States circuit courts for the districts of North Dakota, Western Wisconsin, and Western Michigan; on the 28th day of October, 1893, in the United States circuit court for the district of Oregon; on the 30th day of October, 1893, in the United States circuit courts for the districts of Montana and Washington; and on the 1st day of November, 1893, in the United States circuit court for the district of Idaho. A like foreclosure bill was filed in the United States circuit court for the district of Minnesota, November 14, 1893, and said court made the order appointing the same receivers, but denied the motion to consolidate, and dismissed the creditors' bill. In the United States circuit court for the Southern district of New York, such foreclosure bill was filed August 5, 1895. All said foreclosure bills averred the jurisdiction of the circuit court of the United States for the Eastern district of Wisconsin, and the fact of appointment of said Oakes, Rouse, and Payne as receivers by said court, and said receivers were made defendants therein.

(7) The Northern Pacific Railroad Company appeared in said cause, and demurred to said foreclosure bill, and' thereafter the cause was so proceeded in that all direction and advice was applied for, by said receivers, to the circuit court of the United States for the Eastern district of Wisconsin, and they filed their accounts with it, and all orders with respect to the administration of said trust were made by that court; and said circuit court of the United States for the Eastern District of Wisconsin was in fact treated by the courts and the parties as the court of original and primary jurisdiction in the cause, and the proceedings in the other courts respecting the same, as ancillary proceedings, until August 7, 1895, as hereinafter stated.

(8) On or about August 7, 1895, the Northern Pacific Railroad Company filed in the circuit court of the United States for the district of Washington a motion to vacate the appointment of said receivers, and for the appointment of others in their places, and in support thereof filed an affidavit, copy of the first, second, and third paragraphs whereof are hereto appended. Said affidavit also contained certain charges against said receivers, in respect to the method of their appointment and their administration of their trust, not necessary to be now considered. Petitioners pray that· said affidavit may be taken as part hereof, as though herein set out at length.

(9) Upon the filing of the said motion and affidavit, and on the motion of said Oakes, Rouse, and Payne, receivers as aforesaid, the United States circuit court of Washington made an order permitting them to plead, answer, or demur to said motion and affidavit in respect to the question of the jurisdiction only, and thereafter said receivers filed an answer, copy whereof is hereto appended. Petitioners pray that said answer may be taken as part hereof, as though herein set out at length.

(10) Said motion, affidavit, and answer came on to be heard before Hon. William B. Gilbert, Circuit Judge, and Hon. C. H. Hanford, District Judge, in the circuit court of the United States for the district of Washington, at Seattle, on August 22, 23, and 24, and was argued by counsel, and thereafter opinions were, by said judges, filed, copies whereof are hereto appended; and on September 2, 1895, an order was made by said court that said Oakes, Rouse, and Payne, receivers as aforesaid, on or before October 2, 1895, plead, answer, or demur to the charges in said affidavit contained, and file their accounts in said court, and enter bond, with sureties, as receivers therein.

(11) Thereafter said Thomas F. Oakes, Henry C. Rouse, and Henry C. Payne, receivers as aforesaid, filed their resignations as such receivers with

the circuit court of the United States for the Eastern district of Wisconsin, and on September 27, 1895, that court accepted the same, and appointed Edward H. McHenry and Frank G. Bigelow receivers of the Northern Pacific Railroad Company; and such persons have since been appointed such receivers by the circuit courts of the United States for the Eastern district of Wisconsin, the Northern district of Illinois, the district of Minnesota, and the district of North Dakota, with direction to report and account to the United States circuit court for the Eastern district of Wisconsin.

(12) On October 2, 1895, the day by which the said receivers had been ordered to answer, give bond to, and file accounts with the circuit court of the United States for the district of Washington, that court removed said receivers, for noncompliance with said order, and appointed Andrew F. Burleigh receiver of said Northern Pacific Railroad Company; and since that time the United States circuit courts for the districts of Oregon and Idaho have also accepted the resignations of said Oakes, Rouse, and Payne, and appointed said Andrew F. Burleigh receiver as aforesaid, with direction to report and account to the United States circuit court for the district of Washington. On October 7, 1895, the circuit court of the United States for the district of Montana appointed said Andrew F. Burleigh, Edward L. Bonner, and James H. Mills receivers of the Northern Pacific Railroad Company, with direction to account and report to that court.

(13) On or about October 2, 1895, the resignations of the said Oakes, Rouse, and Payne were filed with the circuit court of the United States for the Southern district of New York, and motion made for the acceptance thereof, and the appointment of others in their places, which motion has been from time to time adjourned, the court expressing a desire to await a unity of action in the other circuits. Thus said Oakes, Rouse, and Payne continue to be such receivers in said district.

(14) Your petitioner the Farmers' Loan & Trust Company, trustee, for the purpose of obtaining a unity of receivership of the whole system, has, by its president and counsel, recently visited Judge Jenkins, at Chicago, Judge Sanborn, at St. Paul, Judge Thomas, at Fargo, Judge Knowles, at Helena, Judge Hanford, at Walla Walla, and Judge Gilbert, at Portland; and counsel for the company and counsel for the reorganization committee, representing a large number of second, third, and consolidated mortgage bonds, have also, for the same purpose, recently visited Judge Jenkins and Judges Sanborn and Gilbert; and counsel for your petitioner the trust company has also, since said visit, sought to obtain a conference of Judges Jenkins, Sanborn, and Gilbert, for the same purpose, but has determined that such conference is not practicable; and such personal application, as aforesaid, on the part of the trustee and of the said various counsel, has not produced the result desired.

(15) Your petitioners pray that, all and singular, the bills, orders, opinions, and proceedings hereinbefore recited or mentioned, and all of which have been printed, and are in possession of counsel concerned in this cause, shall be deemed and taken as part of this petition, as though fully and at length set forth herein.

Wherefore, and further showing unto your honors that the Northern Pacific Railroad Company was chartered, and the construction thereof aided, by congress of the United States, as and for a continuous line of railroad for the transportation of freight and passengers from Lake Superior to Puget Sound, and that the purposes for which it was so chartered and aided, the welfare of the large population dependent upon it for means of transportation, the security of its creditors, and the rights of its shareholders, require that it should be operated as an entirety, and that such operation is impossible under the four sets of receivers now having custody, each, of part of its railroad and property.

Your petitioners pray (1) That your honorable court will be pleased to make such order in the premises as will secure the operation as an entirety of the property of the Northern Pacific Railroad Company covered by the mortgages under which your petitioner the Farmers' Loan & Trust Company is trustee. (2) That your honorable court will make such further order in the premises as to your honors may seem meet.

The facts of the case, and the relief requested, are sufficiently stated in the foregoing petition. Under a written stipulation signed by each party to the suit, these petitions were heard before Associate Justices Field, Harlan, Brewer, and Brown, of the supreme court, sitting as circuit justices, and being assigned, by order of the supreme court, to the Ninth, Seventh, Eighth, and Second circuits, respectively. For convenience of the judges and counsel, and on written stipulation of all the parties in the suit, the petitions were heard before all the said justices, sitting together, in Washington, and were argued by counsel.

After considering the case the justices signed and filed in the circuit courts of each circuit the following order:

The Farmers' Loan & Trust Co. vs. Northern Pacific Railroad Company.    District of ————.

It is ordered that, in respect to the proceedings now being carried on for the foreclosure of mortgages on the Northern Pacific Railroad Company, the circuit court for the Eastern district of Wisconsin be regarded as the court of primary administration, and that the proceedings in this court will be ancillary in their character, and in aid of the proceedings in the court of primary administration. But this court reserves the right at any time, upon the application of any person or persons interested, or upon its own motion, to make such orders and decrees as to it shall seem just for the protection of the creditors of the railroad company residing within its jurisdiction.

Herbert B. Turner, John C. Spooner, and Joseph H. Choate, for complainant Farmers' Loan & Trust Co.

Silas W. Pettit, for defendant Northern Pac. R. Co.

Mr. Cardozo, for second mortgage bondholders' committee.

Before FIELD, HARLAN, BREWER, and BROWN, Circuit Justices.

At the same time the justices filed the following opinions:

The parties in the above causes, namely, the Farmers' Loan & Trust Company, the Northern Pacific Railroad Company, the second mortgage bondholders, represented by Johnston Livingston, chairman, and the reorganization committee of bondholders, represented by E. D. Adams, chairman, have presented to us a petition setting forth the general history of these causes, and asking that such order be made in the respective circuits to which we are assigned as will secure the operation as an entirety of the property of the railroad company covered by the mortgages in which the Farmers' Loan & Trust Company is trustee, and such other orders in the premises as to us shall seem meet. And said application has been heard by us in chambers of the city of Washington, under an agreement in writing between said parties that we should do so.

We are of opinion that proceedings to foreclose a mortgage placed by a railroad company upon its lines extending through more than

one district should, to the end that the mortgaged property may be effectively administered, be commenced in the circuit court of the district in which the principal operating offices. are situated, and in which there is some material part of the railroad embraced by the mortgage; that such court should be the court of primary jurisdiction and of principal decree, and the administration of the property in the circuit courts of other districts should be ancillary thereto. But in view of what has transpired in these foreclosure proceedings,— especially in view of the fact that a portion of the line of road owned by the Northern Pacific Railroad Company was and is within the state of Wisconsin, and that at the time of the filing of the creditors' bill (in which the trustee in the mortgage was a coplaintiff) the Northern Pacific Railroad Company was operating its road through the Eastern district of Wisconsin, although that part of its line so operated belonged to another company, and was under lease to the Northern Pacific Railroad Company for ninety-nine years,—and in view of the further fact that the railroad company entered its appearance, and assented to the act of the circuit court for the Eastern district of Wisconsin in taking jurisdiction, and as such exercise of jurisdiction has been recognized by the circuit court in every district along the line of the Northern Pacific Railroad, and by all parties, for the space of about two years, during which time many orders in the course of administration have been entered, we are of opinion that the circuit court for the Eastern district of Wisconsin has jurisdiction to proceed to a decree of foreclosure which will bind the mortgagor company and the mortgaged property, and ought, therefore, to be recognized by the circuit courts of every district along the line of the road as the court of primary jurisdiction; and that proceedings in the latter court, while protecting the rights of local creditors, should be ancillary in their character, and subordinate to the proceedings in the court of primary jurisdiction. In expressing these views, we are not to be understood as passing upon the proposition advanced in argument, but not necessary to be here considered, that it is competent for a circuit court of the United States, by consent of parties, to foreclose the mortgage of a railroad, no part of which is within the territorial jurisdiction of such court.

BROWN, Circuit Justice. In view of the doubts suggested regarding the jurisdiction of the circuit court of the United States for the Eastern district of Wisconsin to foreclose the mortgage in this case, and of the further fact that the business offices of this company have been, and still are, at St. Paul, I think the circuit court for the district of Minnesota should be treated as the court of primary jurisdiction, and that we should also assume the appointment of receivers. But, as the whole object of the hearing before the justices assigned to the four circuits in which the property of the road is located is to secure harmony of action, I have concluded to waive my personal views, in deference to the opinion of my brethren, and to accede to the recognition of the circuit court for the Eastern district of Wisconsin as the court of primary jurisdiction.