CENTRAL TRUST CO. OF NEW YORK v. UNITED STATES FLOUR MILLING CO.

(Circuit Court, S. D. New York   December 12. 1901.)

MORTGAGE FORECLOSURE—METHOD OF SALE OF PROPERTY—ANCILLARY SUITS.

To secure harmony of decision and administration, decrees for the sale of mortgaged property entered in ancillary suits for the foreclosure of the mortgage should conform, so far as may be, to that of the court of primary jurisdiction as to the method of sale of the property, whatever may be the opinion of the ancillary courts as to the best method of sale.

In Equity   Suit for foreclosure of mortgage.   On application for decree of foreclosure and sale.

Butler, Notman, Joline & Mynders, for the motion.
C. T. Terry, opposed.
Wheeler H. Peckham, for United States Flour Milling Co,
John A. Garver, for certain bondholders.

LACOMBE, Circuit Judge. The former decree has now been vacated by the judge who made it. Having been vacated as to the defendant, it is, of course, vacated as to both parties, for a decree of foreclosure and sale cannot bind the mortgagee complainant when it does not bind the mortgagor defendant. Except, therefore, for the various decisions which have indicated the opinion of this court as to the proper method of sale of the property, the situation is precisely the same as it was when application for decree of foreclosure and sale was originally made. The court of primary jurisdiction and six other courts exercising ancillary jurisdiction have all agreed as to the proper method of sale, and have entered decrees identical in terms. Two of those courts have declined to modify their de-

crees so as to conform to the views of this court as to the method of sale. If this court should now enter any decree requiring the property to be sold in some different manner, there would be such a clash of authority as would result in paralysis of the further proceedings. The situation would then become similar to that which some years ago constrained the circuit justices of four Western circuits to themselves hold court in the respective circuits, and enter harmonious decrees in substitution of the disharmonious decrees theretofore entered by different circuit and district judges. As was expressed in the opinions filed in that cause (Farmers' Loan & Trust Co. v. Northern Pac. R. Co. [C. C.] 72 Fed. 26), such disharmony should be avoided, and the decrees of the ancillary court should conform, so far as may be, to those entered in the primary court.

Complainant may take a decree in the terms of that already entered in the New Jersey suit and in the other ancillary suits.