# GATCH, TENNANT & CO. v. MOBILE & O. R. CO.

## No. 157.

District Court, S. D. Alabama.
June 6, 1932.

Gordon, Edington & Leigh, of Mobile, Ala., for plaintiff.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, Ala., for defendant.

ERVIN, District Judge.

The Mobile & Ohio is a through trunk line railroad originally incorporated in Alabama, with later appropriate adoption in Mississippi, Tennessee, Kentucky, and Illinois.

Its main operative office was in Mobile until about 1920, when such office was moved to St. Louis, Mo., where it is now maintained in rented offices.

It executed mortgages to secure bond issues of many millions of dollars, which mortgages cover its tracks through the above-named states, other than Missouri, and all its rolling stock and other property, which mortgages are still existing and unpaid, and were recorded in said states, but not recorded in Missouri. It also owes large sums to various unsecured creditors, which it is at present unable to pay by reason of the existing depression. Many of these unsecured creditors are threatening suit.

Its earnings have also been greatly reduced by the depression.

Its tracks run from Mobile through portions of Alabama, Mississippi, Tennessee, Kentucky, and Illinois to the river opposite St. Louis, Mo., and its passenger trains run into St. Louis over a terminal line giving terminal facilities to it in common with a number of other railroads, but it pays for such privilege, and owns no interest in such terminal line.

A general creditors' bill was filed in the United States District Court for the Eastern District of Missouri by Gatch, Tennant & Co. against the Mobile & Ohio Railroad Company, reciting its financial difficulties and seeking the appointment of a receiver for such railroad, and praying for an accounting and marshaling of assets and a sale of all the property of the said railroad. An answer was filed admitting the allegations, and a receiver was appointed by that court.

Ancillary bills have been filed, and the same receiver appointed, in each of the jurisdictions traversed by said railroad.

I have had submitted to me a copy of the bill filed in Missouri, and have given it careful consideration. There has been filed in this court a bill that might be said to be either an ancillary bill or an original bill by the same complainant. The defendant has answered admitting the allegations of the bill and consenting to the granting of the relief prayed.

I fully appreciate the delicacy of the position in which I am placed, and if I could, after careful study, reach the conclusion that the Eastern District of Missouri has jurisdiction of the subject-matter, I would treat this bill as an ancillary one. The question is, however, so serious that comity cannot be permitted to control, for, if such jurisdiction be lacking, then a receivership of some years may run, involving expensive operation of a trunk line of railroad, costs of suit, contracts by the receiver without any legal appointment, and many other grave complications.

Consent cannot give jurisdiction of the subject-matter, and the question can be raised at any time. Primos Chem. Co. v. Fulton Steel Corp. (D. C.) 254 F. 454, 458, and authorities cited.

Proceeding then to the question, it seems to me it all depends on whether the bill is a local or a general one.

If it was a local bill, then that court had no jurisdiction, because no part of the rail-

road, nor any land, nor any other property of a fixed character was within its jurisdiction. The offices, it is true, were there, but not the fixed property to be possessed and administrated by the receiver.

No part of the real or rail property covered by the mortgages was within the jurisdiction of that court.

The following cases have held that suits such as this are of a local nature: East Tennessee & Va. R. R. v. Atlanta & Fla. R. R. (C. C.) 49 F. 608, 616, 15 L. R. A. 109; Horn v. Pere Marquette R. R. (C. C.) 151 F. 626, 631; Primos Chemical Co. v. Fulton Steel Corp. (D. C.) 254 F. 454, 463.

I have found no case to the contrary, and the reasoning of these cases meets my approval.

If they are correct, then the action of the Missouri court was without jurisdiction of the subject-matter, and void. If so, it follows that the various ancillary bills would also fall. City of Shelbyville, Ky., v. Glover (C. C. A.) 184 F. 234, 237; Equitable Trust Co. v. Washington-Idaho W. L. & P. Co. (D. C.) 300 F. 601, 606, 607.

In order for the Missouri court to marshal the assets and liabilities and ascertain the priorities, it will be necessary for it to take into account the mortgage debts and liens and ultimately order such property sold. As none of such physical property is located within its jurisdiction, how can it do so? Equitable Trust Co. v. Washington-Idaho W. L. & P. Co. (D. C.) 300 F. 601; Primos Chemical Co. v. Fulton Steel Corp. (D. C.) 254 F. 454; Farmers' Loan & Trust Co. v. Northern Pacific R. Co. (C. C.) 72 F. 26, 30.

Such suits while in form in personam are in substance and effect in rem. They contemplate and involve an equitable attachment and administration of the defendant's property. As I understand the authorities, there must be real estate or some other property of a fixed character belonging to the defendant within the district before the court of that district can exercise such jurisdiction. It appears here that the defendant's only property within the Eastern District of Missouri consists of movable office furniture and equipment and bank accounts.

While the bill filed in this court is in form a primary or original bill, as distinguished from an ancillary bill, yet it shows the pendency of the proceeding in, and appointment of a receiver by, the District Court of the Eastern District of Missouri and

readily could be amended so as to make it in form an ancillary bill. The solicitors for the complainant have requested me to consider the bill as being ancillary to the aforesaid proceeding in the Eastern District of Missouri and to appoint as ancillary receiver Ernest E. Norris, who is the appointee of the Missouri court. The defendant by its solicitors joins in this request. Were I of the opinion that the Missouri court has jurisdiction, the said application would be readily granted, but, for the reasons above appearing, I am constrained to hold that the order of the Missouri court taking jurisdiction and appointing a receiver is void.

Upon announcing the above conclusion, the solicitors for the complainant, the solicitors for the defendant consenting, requested that I treat the bill filed in this court as an original or primary bill, and that I appoint a receiver thereunder pursuant to its prayer. I find that it contains all allegations necessary to give this court jurisdiction in the premises.

An order taking jurisdiction and appointing a receiver will be entered.

Being moved to take this position only by a firm conviction that the Missouri court is without jurisdiction in the premises, and being extremely anxious to avoid any conflict with the courts of other districts, or with my brother judges, I have secured from the solicitors in this cause assurance that with the utmost dispatch the entire situation will be placed before the Judge of the District Court of the Eastern District of Missouri that he may give such further consideration to the matter as he may deem appropriate or necessary.